J-S79041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TIMOTHY MICHAEL MERWARTH, | : | |
| | : | |
| Appellant | : | No. 126 EDA 2016 |

Appeal from the Judgment of Sentence October 19, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s): CP-39-CR-0000047-2014

BEFORE: GANTMAN, P.J., MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 19, 2016**

Timothy Michael Merwarth ("Merwarth") appeals from the judgment of sentence imposed following his guilty plea to two counts of sexual abuse of children (by photographing the victim and possessing child pornography, respectively), and one count each of endangering the welfare of children ("EWOC") and corruption of minors.[1] We affirm.

At Merwarth's guilty plea hearing, he admitted to the prosecution's following summation of the facts underlying his offenses:

On April 18th, 2013, the victim in this case, [D.J., Merwarth's step-daughter,] who was 17 years old at the time[,] ran away from her residence, which was located at 3746 Route 309 in North Whitehall Township, Lehigh County. She was found … a couple of days later at approximately 3:43 in the morning at [a business located] in North Whitehall Township.

When there, the state police found [the victim] and asked her why she had run away. She indicated [] that [] it was because she had been sexually assaulted by … Merwarth, and he

---

[1] *See* 18 Pa.C.S.A. §§ 6312(b) and (d), 4304(a), 6301(a)(1)(ii).

had been doing it for the past year and a half. [The victim] was brought into the Child Advocacy Center … for a forensic interview. …

[In the interview, the victim] indicated that [Merwarth] … began sexually assaulting, [*i.e.*,] … having … vaginal and oral intercourse[] with her[, beginning] around her 16th birthday …. She disclosed that these incidents occurred two or three times a week at different times of the day and night at her residence in North Whitehall Township, [and] that it would always happen whenever her mother was not at home.

[The victim] indicated that … [Merwarth] would bring her to the room, [] remove her clothes, [and] threaten to harm her if she did not comply. She also indicated that when it was over, he would threaten to kill her if she told anybody, that he would tell her he could get to her no matter what, and that [] he would kill her and her whole family if anybody found out. She also indicated that[,] at least on a couple of occasions[,] he videotaped her.

Subsequent to [the victim's forensic interview], there was a search warrant conducted on [] Merwarth's residence in North Whitehall Township. Multiple computers and electronics were seized from the residence, [and] given to the [S]tate [P]olice in Bethlehem. The devices were sent to the State Police Computer Crimes Unit for analysis.

Recovered from [Merwarth's] computers were at least two files [that] had video images, [with] at least one of [Merwarth] engaging in vaginal intercourse with [the victim,] and at least one where she was … performing oral sex on [] Merwarth. Those videos were … shown to [the victim]. She identified herself and [Merwarth] in the videos. She identified herself as being 16 years old in those videos.

Subsequent to that, [] [Merwarth] was brought in to [be interviewed by the] [S]tate [P]olice. He was [interviewed] in [] the presence of his attorney. … [] [T]he [S]tate [P]olice informed [Merwarth] that he was not in custody, [and] he was free to leave at any time …. [] [Merwarth] acknowledged that he engaged in sexual intercourse with [the victim]. He acknowledged that he knew he was making [] child pornography when he was filming these acts, and he said he had access and

> watched the videos he made of [the sexual assaults] at least
> four or five times after the encounter[s].

N.T., 7/8/14, at 16-19; **see also id.** at 19 (wherein Merwarth's counsel stated Merwarth's assertion that the sexual encounters were consensual); **see also** Trial Court Opinion, 2/3/16, at 2 (stating that Merwarth also "deceived others into believing that [the victim's] claims [of Merwarth's sexual abuse] were a figment of her imagination[,] until the videotapes [of the assaults] were uncovered.").

In February 2014, the Commonwealth charged Merwarth with the above-mentioned crimes, among several others. On July 8, 2014, Merwarth entered a negotiated guilty plea[2] to the above-mentioned offenses.[3] The trial court deferred sentencing, and ordered the preparation of a pre-sentence investigation report ("PSI"), as well as an assessment of Merwarth by the Sexual Offenders Assessment Board as to whether he should be classified as a sexually violent predator ("SVP").

On October 19, 2015, after reviewing the PSI, the trial court imposed the following sentences on Merwarth's convictions: for sexual abuse of

---

[2] In exchange for Merwarth's plea, the Commonwealth agreed that the minimum sentence would not exceed 15 years in prison.

[3] Merwarth also entered a plea of *nolo contendere* to involuntary deviate sexual intercourse ("IDSI"). The trial court subsequently permitted Merwarth to withdraw his plea to the IDSI charge (which resulted in the reinstatement of all of the original charges against Merwarth). However, the instant appeal concerns only the sentence imposed on Merwarth's convictions of sexual abuse of children, EWOC and corruption of minors. The record does not reveal the disposition on the IDSI charge.

children (by photographing the victim) – 4 to 8 years in prison; for sexual abuse of children (by possessing child pornography) – 3 to 6 years in prison; for EWOC – 3 to 6 years in prison; and, for corruption of minors – 3 to 6 years in prison.[4]   The trial court ordered all of these sentences to run consecutively, which resulted in an aggregate sentence of 13-26 years in prison.[5]   On the same date, the trial court further ruled that Merwarth met the criteria for being designated as an SVP.

Merwarth thereafter filed a timely post-sentence Motion challenging the discretionary aspects of his sentence, which the trial court denied. Merwarth filed a timely Notice of Appeal followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Merwarth now presents the following issues for our review:

1. Whether the [sentencing] court abused its discretion by departing above the [sentencing] guidelines and in making the sentences consecutive?

2. Whether the [sentencing court's stated] reasons [for the sentences imposed] support or justify the length of the sentence?

Brief for Appellant at 6.  We will address Merwarth's issues together as they are related.

---

[4]  Notably to this appeal, these sentences were outside and above the aggravated range of the applicable sentencing guidelines.

[5] This sentence was below the statutory maximum that the court could have imposed, of 15½ to 31 years in prison.

Merwarth challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. ***See Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Merwarth filed a timely Notice of Appeal and preserved his issue in a post-sentence Motion. Merwarth also included a Rule 2119(f) Statement in his brief. Accordingly, we will review Merwarth's Rule 2119(f) Statement to determine whether he has raised a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted); ***see also*** 42 Pa.C.S.A. § 9781(b).

In his Rule 2119(f) Statement, Merwarth presents only the following sentence upon which he relies for allowance of appeal: "Here the [trial] court's reasons for the sentences imposed, especially the consecutive aspect of the multiple counts[,] which were departures above the guidelines, do not justify the sentences." Brief for Appellant at 5.

Despite the baldness of the claim Merwarth presents in his Rule 2119(f) Statement, we determine that he has raised a substantial question. **See Commonwealth v. Holiday**, 954 A.2d 6, 10 (Pa. Super. 2008) (stating that "[a] claim that the sentencing court imposed a sentence outside of the guidelines without specifying sufficient reasons presents a substantial question for our review.") (citing **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*)).

Merwarth argues that the trial court abused its discretion in imposing an unreasonable aggregate sentence, which was outside and above the aggravated range of the sentencing guidelines, without stating adequate reasons for the sentence imposed. Brief for Appellant at 10-11. In support of this claim, Merwarth advances only the following sentence of substantive argument: "To justify the sentence, the [sentencing] court relied on [Merwarth's] deflecting blame away from himself and blaming others[;] his lack of remorse …; the repeated nature of the offense[s]; mere allegations that this was a 'house of horrors'[;] and [Merwarth's] supposed cleverness in fooling authorities." **Id.** (internal citations to record omitted).

- 6 -

We review discretionary aspects of sentence claims under the following standard: "[S]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

The Sentencing Code sets forth the considerations a trial court must take into account when formulating a sentence, stating that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A sentencing court has broad discretion in choosing the range of permissible confinement that best suits a particular defendant and the circumstances surrounding his crime. *Commonwealth v. Walls*, 846 A.2d 152, 154-55 (Pa. Super. 2004). Where, as here, a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence. 42 Pa.C.S.A. § 9721(b). When doing so,

> a trial judge … [must] demonstrate on the record, as a proper
> starting point, its awareness of the sentencing guidelines.
> Having done so, the sentencing court may deviate from the
> guidelines, if necessary, to fashion a sentence which takes into
> account the protection of the public, the rehabilitative needs of
> the defendant, and the gravity of the particular offense as it
> relates to the impact on the life of the victim and the
> community, so long as it also states of record the factual basis

and specific reasons which compelled it to deviate from the guideline range.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1264 (Pa. Super. 2012) (citations, paragraph break and brackets omitted).

Finally, when evaluating a challenge to the discretionary aspects of a sentence, it is important to remember that the sentencing guidelines are purely advisory in nature. ***Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007); ***see also Walls***, 926 A.2d at 963 (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

Here, the trial court concisely addressed Merwarth's challenge to his sentence, adeptly summarized the applicable law, and determined that the sentences imposed were reasonable and warranted under the circumstances of this case. ***See*** Trial Court Opinion, 2/3/16, at 9-13. The trial court's cogent analysis is supported by the law and the record, and we conclude that the court stated adequate reasons for deviating from the sentencing

guidelines, and ordering the sentences to run consecutively.[6]  Accordingly,

we affirm on this basis in rejecting Merwarth's issues on appeal.  ***See id.***;

***see also id.*** at 5 (stating that "[t]he sentencing guidelines were also

considered, but a deviation was warranted.  The victim was abused for an

extended period of time, and had nowhere to turn because she was unable

to find anyone to believe her.  She was raised in a house of horrors by a

master manipulator.  Even after the videos were uncovered, [Merwarth]

attempted to manipulate the investigators by suggesting the victim was the

aggressor.") (footnote omitted); ***see also id.*** at 6 (stating that Merwarth's

"exploitation of the victim only came to an end because of the accidental

discovery of the visual documentation of his acts.").

Based upon the foregoing, we discern no abuse of discretion by the

sentencing court in imposing Merwarth's sentences.

Judgment of sentence affirmed.

---

[6] We additionally observe that the sentencing court here had the benefit of a PSI, which the court expressly stated it had considered prior to imposing Merwarth's sentence.  N.T., 10/19/15, at 84.  A "sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors."  ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted); ***see also id.*** (stating that where a sentencing court is informed by a PSI, its discretion generally should not be disturbed).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
                                :
      vs.                    : NO.  CR-47-2014
                                  : Superior Court No.:  126 EDA 2016
TIMOTHY MERWARTH          :

\* \* \* \* \*

Appearances:

        Heather Gallagher, Chief Deputy District Attorney
           For the Commonwealth

        Robert Sletvold, Esquire
           For the Appellant

\* \* \* \* \*

## OPINION

**Robert L. Steinberg, Judge:**

On October 19, 2015, the appellant, Timothy Merwarth, was sentenced to not less than thirteen (13) years nor more than twenty-six (26) years following his guilty pleas to charges of Sexual Abuse of Children[1] (two counts), Endangering the Welfare of a Child,[2] and Corruption of Minors.[3] He was also found by "clear and convincing evidence" to be a "sexually violent predator".[4] The appellant sexually exploited his step-daughter multiple times beginning when she was sixteen (16), and videotaped those sexual acts for his own gratification. He also

---

[1] 18 Pa.C.S. § 6312(b) and (d).
[2] 18 Pa.C.S. § 4304(a).
[3] 18 Pa.C.S. § 6301(a)(1)(ii).
[4] 42 Pa.C.S. § 9799.24(e)(3).

*EXHIBIT A*

deceived others into believing that his step-daughter's claims were a figment of her imagination until the videotapes were uncovered. He then admitted to vaginal and oral intercourse with his step-daughter, and creating what he acknowledged was child pornography. However, once his deviant behavior was uncovered, he claimed that acts with his step-daughter were consensual.

A Notice of Appeal was filed on January 5, 2016.[5] Pursuant to Pa.R.A.P. 1925(b), the appellant filed a timely "Statement Of Errors Complained Of On Appeal" alleging that this Court abused its discretion for the following reasons: (1) deviating from the standard range of the guidelines and imposing consecutive sentences; and (2) the reasons stated for the sentence "do [not] support or justify the length of the sentence imposed".

## Background

On April 21, 2013, the victim, who was the subject of a missing persons report, was located by troopers with the Pennsylvania State Police. She told them that she had run away from her home because the appellant, her step-father, had been sexually abusing her. It was determined that he had been doing so for approximately a year and a half, since she was sixteen.

The appellant initially denied the accusations and attempted to cast doubt on the victim's credibility. He may have succeeded, if not for the discovery of the videos and pictures of him sexually abusing his step-daughter on the hard drive of his computer. A former resident of appellant's household accidentally discovered the corroborating evidence after he purchased the old hard drive from the appellant, and while configuring the hard drive for his computer, discovered the videos and photographs.

_____

[5] On December 7, 2015, the "Defendant's Post-Sentence Motion To Reconsider Sentence" was denied.

2

The appellant was re-interviewed by the state police with his counsel, and admitted both the sexual acts and the creation of child pornography. It was now his contention that the sexual acts were consensual.

## Sexually Violent Predator
## Hearing and Sentencing

The appellant entered his guilty plea to the aforementioned charges, and also a nolo contendre plea to Involuntary Deviate Sexual Intercourse. However, a "Motion To Withdraw A Guilty Plea" was filed, and a hearing on that motion was held on December 22, 2014. The only charge that the appellant requested to withdraw was his nolo contendre plea to Involuntary Deviate Sexual Intercourse. He was permitted to do so, but with the reinstatement of all of the original charges.[6] Sentencing would also proceed on the charges of Sexual Abuse of Children, Endangering the Welfare of a Child, and Corruption of Minors.

A presentence report was ordered and reviewed prior to sentencing. Additionally, the Commonwealth filed a "Praecipe To Classify Defendant As A Sexually Violent Predator". Thereafter, appellant's counsel filed a "Motion For Authorization To Hire Expert", which was approved, and funds were allotted for Frank Dattilio, Ph.D.[7]

The sole witness at the hearing to determine if the appellant was a sexually violent predator was Veronique Valliere, Psy.D., an expert in the evaluation of sex offenders. She prepared a Sex Offender Evaluation in this case and found the appellant to be a sexually violent predator.[8] She discovered that throughout the victim's lifetime the appellant "effectively controlled, isolated, and abused [her] . . . . His sexual assault of her was an escalation of his

---

[6] The original charges included Rape, Involuntary Deviate Sexual Intercourse, Sexual Assault, Obscene and Other Sexual Materials and Performances, Terroristic Threats, and Indecent Assault (two counts).
[7] Dr. Dattilio was not called as a defense witness at the Sexually Violent Predator hearing.
[8] Commonwealth's Exhibit 1 and 2, Sex Offender Evaluation.

3

entitlement, feelings of ownership, and ongoing abuse and oppression of this child. He portrayed her as unreliable, crazy, and non-credible. He became so bold in his offense behavior, he videotaped it to view for his own gratification later."[9]

Dr. Valliere also found that the appellant had both a mental abnormality, namely Other Specified Paraphillic Disorder to non-consent and cruelty, and a personality disorder. "[H]is diagnoses of personality disorder would meet the criteria for Other Specified Personality Disorder with characteristics of antisocial personality disorder, narcissistic personal[ity] disorder, and Sadistic traits [sic]."[10] In that regard, the appellant "has both a deviant sexual arousal and a personality disorder".[11] He "displays persistent, pathological traits of egocentricity, callousness, disregard for the rights of others or the impact of his behavior, cruelty, deceptiveness, exploitiveness, a lack of empathy, and a lack of remorse."[12] The Sex Offender Evaluation details the history of physical and sexual abuse perpetrated by the appellant toward the victim and other members of his family.[13] A total of twenty-one (21) referrals were made to the Office of Children and Youth.[14] One of those incidents resulted in a charge of Simple Assault for repeatedly striking one of the children, and hanging her by her clothing in the basement for hours at a time.[15]

Finally, the appellant's behavior was deemed predatory in that it was done to promote "a secretive, sexually abusive relationship with a child he had previously physically victimized over years".[16] His "personality pathology, propensity for cruelty, and deviant arousal

---

[9] Sex Offender Evaluation at p. 8.
[10] Id. at p. 9; Notes of Testimony, SVP Hearing and Sentencing (hereinafter N.T.S.), pp. 17-18.
[11] Id. at pp. 8-9; N.T.S. at pp. 19-20.
[12] Id. at p. 8; N.T.S. at p. 19.
[13] Id. at pp. 4-5.
[14] Id. at p. 4.
[15] Presentence Report (hereinafter PSI), p. 6.
[16] Sex Offender Evaluation, p. 10.

4

are persistent conditions. Both a deviant arousal pattern and a personality disorder are lifetime conditions that can be only managed with effort and motivation."[17]

The appellant's daughter, Ashley Merwarth, testified during the sentencing proceedings, and described the appellant's history of abuse. "I have spent the last 30 years of my life enduring his abuse and dealing with the aftermath of that. And that's just me. That's not including all of the others. He deserves no mercy, no options."[18]

The appellant maintained that he did not coerce or force the victim to engage in any sexual acts. He described himself as a "good man" who made a "mistake".[19]

Prior to the imposition of appellant's sentence, this Court reviewed the presentence report and the Sex Offender Evaluation, as well as the supporting testimony of Dr. Valliere. All of the sentencing testimony was considered in determining the sentence for the appellant. The Sentencing Guidelines were also considered, but a deviation was warranted.[20] The victim was abused for an extended period of time, and had nowhere to turn because she was unable to find anyone to believe her. She was raised in a house of horrors by a master manipulator. Even after the videos were uncovered, he attempted to manipulate the investigators by suggesting the victim was the aggressor.

The sentences imposed for Sexual Abuse of Children under 18 Pa.C.S. § 6312(b) was not less than four (4) nor more than eight (8) years, and for 18 Pa.C.S. § 6312(d) was not less than three (3) years nor more than six (6) years. Counsel agreed that the two offenses did not merge. In the words of defense counsel, "one is producing and one is possessing".[21] The appellant was also sentenced to not less than three (3) years nor more than six (6) years for the

---

[17] Sex Offender Evaluation at p. 9.
[18] N.T.S. at p. 68.
[19] Id. at p. 77.
[20] Id. at pp. 85, 89.
[21] Id. at p. 64.

charge of Endangering the Welfare of a Child, and not less than three (3) years nor more than six (6) years for the charge of Corruption of Minors. All of the sentences were ordered to run consecutively, which resulted in a minimum sentence of thirteen (13) years and a maximum of twenty-six (26) years imprisonment.

## Discussion

The appellant sexually exploited his teenage step-daughter for approximately eighteen (18) months. His corruption of her not only included vaginal and oral intercourse, but also the filming of those acts for his own gratification. His exploitation of the victim only came to an end because of the accidental discovery of the visual documentation of his acts. He had duped others into believing that the victim's complaints were imaginary. In fact, her complaints were genuine, and it was only after she ran away and was located by the state police that her torment at the hands of the appellant ended. A fair conclusion from the evidence is that the appellant abused the victim sexually, physically, and emotionally.

The sentences imposed, which were less than the statutory maximum (15 ½ to 31 years), deviated from the Sentencing Guidelines. During the sentencing hearing, this Court indicated its intention to do so.[22] The appellant contends, however, that it was error to deviate from the guidelines, impose consecutive sentences, and that the stated reasons for imposing his sentence do not justify its length. This Court disagrees.

"It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal." Commonwealth v. Edwards, 71 A.3d 323, 329 (Pa.Super. 2013); Commonwealth v. Griffin, 65 A.3d 932 (Pa.Super. 2013); Commonwealth v. Ladamus, 896 A.2d 592, 595 (Pa.Super. 2006); Commonwealth v. Shugars, 895 A.2d 1270, 1274

---

[22] N.T.S. at pp. 85, 89.

(Pa.Super. 2006); Commonwealth v. McNabb, 819 A.2d 54, 55 (Pa.Super. 2003). The appellant must demonstrate that a substantial question exists concerning the sentence. Commonwealth v. Lee, 876 A.2d 408, 411 (Pa.Super. 2005).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010); Commonwealth v. Perry, 883 A.2d 599, 602 (Pa.Super. 2005). As stated in Moury "[a] substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" Id. See also Commonwealth v. Austin, 66 A.3d 798, 808 (Pa.Super. 2013). Bald assertions of sentencing errors do not constitute a substantial question. Moury, 992 A.2d at 170; Commonwealth v. Trippett, 932 A.2d 188, 202 (Pa.Super. 2007) quoting Commonwealth v. Mouzon, 812 A.2d 617, 620 (Pa. 2002). Likewise, a substantial question requires something more than alleging the failure to consider a mitigating circumstance. Moury, 992 A.2d at 171; see also Commonwealth v. Ladamus, 896 A.2d at 595; Commonwealth v. Cannon, 954 A.2d 1222, 1229 (Pa.Super. 2008)(a claim of inadequate consideration of mitigating circumstances does not raise a substantial question for review). However, a claim that the court sentenced outside the guidelines does raise a substantial question which is reviewable on appeal. Commonwealth v. Rodda, 723 A.2d 212, 214 (Pa.Super. 1999)(en banc); Commonwealth v. Davis, 737 A.2d 792, 798 (Pa.Super. 1999). On the other hand, the appellant's claim regarding the imposition of consecutive versus concurrent sentences generally does not raise a substantial question. Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa.Super. 2011).

7

If the merits of the appellant's sentencing claim must be considered, then this Court's decision-making is scrutinized under an abuse of discretion standard. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007); Commonwealth v. Hoch, 936 A.2d 515, 519 (Pa.Super. 2007). In Commonwealth v. Antidormi, 84 A.3d 736, 760-761 (Pa.Super. 2014)(internal citations and quotations omitted), the standard of review of a challenge to the discretionary aspects of sentence was deemed well-settled and explained as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. The sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence . . . outside the guidelines adopted by the Pennsylvania Commission on Sentencing . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. However, this requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall . . . presume that the

8

> sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

See also Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa.Super. 2006) citing Rodda, 723 A.2d at 214.

A review of the sentencing proceeding reflects this Court's awareness and consideration of the Sentencing Guidelines, and a conscious decision to deviate from the guidelines. Furthermore, the reasons for the upward departure from the guidelines was adequately explained.

This Court also considered the presentence report. See Commonwealth v. Rhoades, 8 A.3d 912, 919 (Pa.Super. 2010) quoting Commonwealth v. Moury, 992 A.2d at 171 (Pa.Super. 2010)(holding that where the sentencing court had the benefit of a presentence investigation report it is assumed that the sentencing court was aware of relevant information regarding the defendant's character and weighed those factors along with mitigating statutory factors. See also Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988); Commonwealth v. Pollard, 832 A.2d 517, 526 (Pa.Super. 2003). The presentence report reinforced the severity of all of the offenses and their impact on the victim. It also highlighted appellant's rationalizations for his conduct, including his deranged assertion that the videos were for his own protection.

This Court also had the report and testimony of Dr. Veronique Valliere, whose opinions supported the determination that the appellant was a sexually violent predator. Her opinions, which are explained infra, point out that appellant's "traits and sexual arousal patterns are well established. His age is not protective regarding sexual recidivism."[23] His "deviant arousal pattern and [] personality disorder are lifetime conditions that can be only managed with

---

[23] Sex Offender Evaluation, at p. 8.

9

effort and motivation."[24] Dr. Valliere in her testimony further explained that "treating people with personality disorders is very difficult and arduous as well as treating people the paraphillic disorder and he has both."[25]

Nothing in the appellant's character points toward the potential for rehabilitation. His criminal history is not lengthy, but demonstrates that he treated his family as chattels to do with as he pleased. The intervention by Lehigh County Children and Youth Services, which includes "thousands of pages on this family"[26] did nothing to change the behavior of the appellant. Moreover, the appellant's comments at sentencing reflect a lack of any perspective regarding the severity of his offense. This Court, after listening to them, was reminded of the following quote: "Abusers don't question themselves. They don't ask if they are the problem. They always say the problem is someone else."[27]

A sentence that exceeds the Sentencing Guidelines does make the sentence unreasonable. A sentence outside the guidelines is permitted and as stated in Commonwealth v. P.L.S., 894 A.2d 120, 129-130 (Pa.Super. 2006) quoting Commonwealth v. Cunningham, 805 A.2d 566, 575 (Pa.Super. 2002):

> [I]n exercising its discretion, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range. The sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation of the record.

---

[24] Id. at p. 9.
[25] N.T.S. at p. 34.
[26] PSI at p. 84.
[27] N.T.S. at p. 84.

10

The reasons for deviating from the guidelines comply with these requirements, and are supported by all the relevant facts and circumstances.[28] The severity of appellant's sentence reflects the need to protect the public from an individual who, in all likelihood, cannot be rehabilitated. His extended abuse of his step-daughter suggests a deep seated pathology. Likewise, the appellant used his parental position to take advantage of the victim's dependence on him, and by doing so, he corrupted her.

The decision to impose consecutive sentences for these offenses was also not an abuse of discretion. It has frequently been explained that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Commonwealth v. Johnson, 961 A.2d 877, 880 (Pa.Super. 2008). Additionally, a challenge to the imposition of consecutive rather than concurrent sentences generally does not present a substantial question regarding the discretionary aspects of sentence. Id.; see also Prisk, 13 A.3d at 533 ("Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'"); Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa.Super. 1995)(holding a defendant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently).

The one limited exception to this conclusion is when the imposition of a consecutive sentence "raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." Commonwealth v. Mastromarino, 2 A.3d 581, 587 (Pa.Super. 2010); see also Commonwealth v. Dodge, 859 A.2d

---

[28] N.T.S. at pp. 84-89.

11

771 (Pa.Super. 2004), vacated, 935 A.2d 1290 (2007), remanded to 957 A.2d 1198 (Pa.Super. 2008), appeal denied, 980 A.2d 605 (Pa. 2009), vacated, 26 A.3d 1204 (Pa.Super. 2011), aff'd, 77 A.3d 1263 (Pa.Super. 2013) appeal denied, 91 A.3d 161 (Pa. 2014)(holding consecutive standard range sentences on thirty-seven (37) counts of theft-related offenses for aggregate sentence of fifty-two and one-half (52 ½) years to one hundred and eleven (111) years imprisonment raised a substantial question). Commonwealth v. Coulverson, 34 A.3d 135 (Pa.Super. 2011)(maximum sentence of ninety (90) years for multiple offenses including rape, sexual assault, aggravated assault, robbery, and burglary was "clearly unreasonable").

In Mastromarino, 2 A.3d at 588, an aggregate sentence of not less than twenty-five (25) years nor more than fifty-eight (58) years for selling human body parts from two hundred forty-four (244) corpses did not present a substantial question. The appellant was the "mastermind" behind the illegal harvesting of body parts, and so the decision to sentence consecutively did not raise the aggregate sentence to an excessive level in light of the criminal conduct. In Prisk, supra, an aggregate sentence of not less than six hundred and thirty-three (633) years nor more than one thousand five hundred (1,500) years imprisonment was imposed for three hundred fourteen (314) offenses, including multiple counts of rape, involuntary deviate sexual intercourse, and indecent assault. In light of the "violent criminal conduct" the sentence was not found to be excessive. Finally, in Commonwealth v. Gonzalez-Dejusus, 994 A.2d 595 (Pa.Super. 2010), an aggregate sentence of not less than twenty (20) years nor more than forty (40) years for kidnapping, robbery, burglary and other offenses, did not raise a substantial question. It was explained that Dodge should not be read to mean "that a challenge to the consecutive nature of a standard range sentence always raises a substantial question or constitutes an abuse of discretion." Id. at 598.

12

Finally, the appellant's rehabilitative needs were considered, but pale in comparison with the harm he caused to the victim and his family. He has never demonstrated nor suggested a willingness to change his aberrant behavior. In the words of Coulverson, supra, it does not appear that the appellant "might succeed at rehabilitation after serving a substantial term of [] incarceration". Id. at 150.

This Court in imposing sentence did not abuse its discretion, and adhered to the requirements of 42 Pa.C.S. § 9721(b):

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

See also Commonwealth v. Downing, 990 A.2d 788, 794 (Pa.Super. 2010).

For all the foregoing reasons, the judgment of sentence should be affirmed.

CERTIFICATE OF SERVICE

will on 5/24/2016

I, ROBERT E. SLETVOLD, ESQUIRE, certify that I have this day served the forgoing document to the parties listed below by sending a copy by first-class mail, postage pre-paid.

James B. Martin, District Attorney
Lehigh County Courthouse
455 W Hamilton Street
Allentown PA 18101

DATE: 5/22/2016

Robert E. Sletvold, Esquire

12